Tompkins, J.,
delivered the opinion of the Court.
The inhabitants of the town of Fayette sued the defendants before a Justice of the Peace and had judgment. An appeal was taken to the Circuit Court, where judgment was again rendered against them, and they appealed from that Court to this. On the part of the plaintiffs below, appellees here, it was proved that on the 26th day of November, 1826, the town of Fayette was incorporated by order of the County Court; and that on the 24th May, 1831, an order was made that the defendants, Sellick and Gregory, appellants here, pay the sum of ten dollars for leave to exhibit their caravan of animals, consisting of elephants, &c., within the town of Fayette, two days, say the 24th and 25th days of May, 1831. The plaintiffs further proved, that the defendants knew the ordinance was passed, and that they exhibited, on the days mentioned, a caravan of animals in the town. The defendants then proved that since the above order of incorporation, the corporators within the limits thereof, petitioned the County Court to do away with and destroy the said act of incorporation, arid it was admitted that the Court made an order on that head, which was lost. It was admitted by the appellees that two-thirds of the corporators subsequently petitioned the County Court to contract the limits of the corporation, and to grant a new order of incorporation. The appellants offered in evidence a writing purporting to be an order of incorporation made in pursuance of the last mentioned petition, which, on motion of the appellees, was excluded. It was admitted by the appellees that the place where the caravan of animals was shown, was without the limits of the corporation, as designated by the last supposed order of incorporation. The appellants then offered parol evidence to prove that the corporation, as established by the first order of incorporation, extended beyond the town lots and bounds of Fayette, which was excluded. It was also proved that the town officers last elected, were elected under the order of incorporation, the evidence of which had been excluded by the Court. The Court then, on motion of the appellees, instructed the jury:
First. That the order of incorporation made by the County Court, on the 26th November, 1826, was legal.
Second.' That the other order offered in evidence and excluded by the Court, was null and void.
*74 Third. That the hye-law offered in evidence, and by which the fine or tax was imposed on the appellants, was legal.
Fourth. That if they believed the defendants exhibited their animals on the days named, knowing the ordinance, and that they exhibited them within the limits fixed by the first order of incorporation, then they ought to find for the plaintiffs, appellees. These instructions are resisted and assigned for error. The points that arise from these instructions, are:
First. Whether the evidence offered to prove that the limits of the corporation established by the first order of incorporation, extended beyond the town lots and the bounds of Fayette, was properly excluded by the Circuit Court.
Second. Whether the order of Court purporting to be a second order of incorporation was properly excluded.
Third. Whether the bye-law given in evidence, and by which afine was imposed on the appellants, was legal.
First. We do not think it material to inquire here whether the first point ought to be decided for the appellants or appellees, that is to say, whether the first act of incorporation was legal, or whether its legality could be inquired into in this action. It is sufficient to say that we think the Circuit Court ought to have permitted the second order of incorporation to be given in evidence. For the petition of the corporators to the County Court, and the action of the County Court on that petition, together with the subsequent election of town officers under that order, were certainly evidence to be left to the jury- from which they might presume a surrender of the first charter and an acceptance of the second.
Third point. The bye-law, so called, and which appears to us to be nothing but a judicial sentence, is in our opinion illegal. Previous to that time no ordinance was made to prevent or restrain such exhibitions, and the Legislature of the corporation passes a sentence, which the Court of the corporation might lawfully have done, had there been a law to authorize the act. The act to provide for the incorporation of towns, (see Rev. Code, sec. 7, p. 766,) provides that the Board of Trustees shall have power to pass bye-laws and ordinances, &e., to impose fines, &c., for breaches of these ordinances. The fine in this case is imposed before any ordinance existed. The second and third instructions were in our opinion improperly given. Of the first and fourth we do not think it necessary to say any thing more.
The judgment of the Circuit Court is therefore reversed, and appellants are allowed their costs, both in this Court and in the Circuit Court.